liens contained in receipts given to the lien claimants for a part of the money due them are not supported by a consideration where there is no bona fide dispute between the parties, a compromise of which would be a consideration.

8. MECHANICS' LIENS, § 203*—*when decree erroneous as to amount of interest allowed.* A decree allowing lien claimants interest on their claims from the time of the completion of the work by them, instead of from the time they filed their petitions, *held* erroneous, where in their petitions they failed to ask for interest from the date of the completion of the work, and failed to demand an amount sufficient to authorize an allowance of interest from that date.

9. MORTGAGES, § 487*—*when cross-bill properly dismissed as presenting no meritorious equity.* In a consolidated action to foreclose a trust deed and for the enforcement of mechanics' liens on the premises, a cross-bill filed by the holder of the legal title and a person claiming as the beneficial owner asking for a vendor's lien on the property as against one to whom the holder of the legal title had conveyed the premises, *held* properly dismissed as presenting no meritorious equity, it appearing that the person claiming as beneficial owner never had invested a dollar in the property, and that he had contrived and manipulated the title to avoid personal liability.

**Jacob Pianco by Sarah Pianco, Appellee, v. Herbert L. Joseph & Company, Appellant.**

## Gen. No. 18,860.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1912.   Reversed and remanded.   Opinion filed October 7, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Jacob Pianco, a minor, by his next friend, Sarah Pianco, against Herbert L. Joseph & Company, a corporation, to recover damages for an alleged malicious prosecution. From a judgment entered on a verdict in favor of plaintiff for $500, defendant appeals.

On October 4, 1907, appellee, who was then between sixteen and seventeen years of age, purchased from appellant a diamond ring for $63, payable, as the instrument he then executed recites, $8 down and the balance in weekly instalments of $2. On February 22, 1908, appellee, having in the meantime paid the several accruing instalments on the purchase price of the ring, returned the same to appellant and purchased a larger ring priced to him at $225, upon which he paid $30 down and executed a contract of purchase therefor, whereby he agreed to pay the balance, $195, in weekly instalments of $4. He also then executed a blank form of chattel mortgage, which appellant thereafter filled in by inserting a general description of the ring and a consideration therefor of $195, payable in weekly instalments of $4, with interest at six per cent. per annum. Appellee having made no further payments upon the purchase price of the ring, appellant on March 4, 1910, procured an information to be filed in the Municipal Court, charging that on or about May 20, 1908, during the existence of the chattel mortgage lien thereon, appellee, without having the consent of appellant, did then and there unlawfully and feloniously conceal, remove and sell said diamond ring, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois. Appellee was arrested under a warrant issued out of the Municipal Court upon said information, and was held in custody for about six hours, when he was admitted to bail. Thereafter, upon a trial in the Municipal Court of the offense charged in the information, appellee was acquitted and finally discharged.

Sidney Lyon and Arthur C. Bachrach, for appellant.

Max M. Grossman, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

## Abstract of the Decision.

1. Malicious prosecution, § 75*—*when evidence sufficient to show probable cause*. In an action for malicious prosecution by having plaintiff, who was a minor, arrested on a charge of unlawfully and feloniously concealing, removing and selling a diamond ring which he had purchased of defendant on the instalment plan, a verdict for plaintiff *held* against the weight of the evidence, it appearing that defendant had probable cause to institute the criminal prosecution by reason of his falsely representing himself to be of age and his concealment of his whereabouts.

2. Malicious prosecution, § 7*—*what constitutes probable cause*. A reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged, constitutes probable cause under the law.

3. Malicious prosecution, § 88*—*when instruction erroneous*. In an action for malicious prosecution, an instruction given for plaintiff *held* erroneous, in that it failed to require the jury to find the facts upon which the announcement of law was predicated, by a preponderance of the evidence.

4. Damages, § 206*—*when instruction erroneous*. An instruction relating to the measure of damages *held* erroneous for including certain elements not supported by the evidence, and also faulty in failing to limit the jury to the consideration of such proper elements of· damage as are shown by the evidence.

5. Appeal and error, § 1241*—*when party cannot complain of instructions*. Where a party tenders two or more instructions embodying the same legal principle, he cannot be heard to complain if the court adopts and gives the instruction which is least favorable to him.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.